IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THERESE FOY,<br>    Plaintiff | )<br>)<br>) CIVIL ACTION<br>) FILE NO.<br>) |
| vs. | )<br>) |
| EXPERIAN INFORMATION SOLUTIONS,<br>INC., and BANK OF AMERICA, NA,<br>    Defendants | )<br>) **JURY TRIAL DEMANDED**<br>)<br>) |

## COMPLAINT

Plaintiff, THERESE FOY, brings this action against Defendants EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and BANK OF AMERICA, NA ("BOA") on the grounds set forth herein.

### I.  PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act (hereinafter referred to as "FCRA"), 15 U.S.C. § 1681 *et. seq*. Plaintiff seeks actual damages, statutory damages, punitive damages, costs and attorneys fees.

### II.  PARTIES

2. Plaintiff Therese Foy is a natural person and consumer, a resident of Palm Beach County, State of Florida, and a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

3. Defendant, Experian, is a foreign corporation authorized to do business in and regularly conducts business in the State of Florida.

1

4. Defendant, Experian, is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. 1681d.

5. Defendant, Bank of America, N.A., is a national bank authorized to do business in, and which regularly conducts business in the State of Florida, and is a "person" as defined in 15 U.S.C. § 1681a(b), and a "furnisher of information" pursuant to 15 U.S.C. § 1681 of the FCRA.

### III.  JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over this Complaint pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.* and 28 U.S.C. § 1331.

7. Venue is proper in the Southern District of Florida pursuant to FCRA, 15 U.S.C. §1681p, and 28 U.S.C. §1391.

### IV. STATUTORY STRUCTURE
### FAIR CREDIT REPORTING ACT

8. The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* was enacted to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  15 U.S.C. § 1681(b).

9. Under the FCRA, whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates.  15 U.S.C. § 1681e(b).

10. Under the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of dispute from the consumer.  15 U.S.C. § 1681i(a).

11. In conducting any reinvestigation under §1681i(a)(1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in §1681i(a)(1)(A) with respect to such disputed information.  15 U. S. C. §1681i(a)(4).

12. Under the FCRA, after a furnisher of information receives notification pursuant to §1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall – (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and

that compile and maintain files on consumers on a nationwide basis. 15 U.S. C. § 1681s-2(b).

13. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681n.

14. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure, the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681o.

## V. FACTUAL ALLEGATIONS

15. On or about May 26, 2011, Plaintiff filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code, in the Bankruptcy Court for the Southern District of Florida.

16. Among the accounts included in Plaintiff's bankruptcy schedules was a second mortgage held by Bank of America.

17. On or about September 7, 2011, Plaintiff was granted a discharge of her debts by the Bankruptcy Court, including the aforementioned account.

18. The Supreme Court has stated that "[t]he principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007).

19. In or around April, 2013, Plaintiff discovered that an account on her credit report was not being reported accurately.

20. Specifically, the aforementioned second mortgage account that was held by Bank of America, previously discharged in her bankruptcy case, was still being incorrectly reported as having a balance due and owing, and did not contain a remark that the account was either "included in bankruptcy", or "discharged in bankruptcy".

21. On or about October 2, 2013, Plaintiff mailed a dispute letter to Experian, requesting that the error be corrected, or if it could not be corrected, then requested that the account be deleted.

22. Experian received Plaintiff's dispute letter, and upon information and belief, sent either a consumer dispute verification form(s) and/or an electronic automated consumer dispute verification form(s) to BOA.

23. Despite receiving Plaintiff's dispute letter, Experian failed to conduct a reasonable reinvestigation and make corrections to Plaintiff's credit profile, as required under 15 U.S.C. § 1681i.

24. Despite receiving notice of the dispute from Experian, BOA failed to conduct an investigation with respect to the disputed information and make corrections in its reporting of the disputed account to Experian, as required under 15. U.S.C. § 1681s-2(b).

25. Plaintiff disputed the reporting of this account again, on or about November 20, 2013, in a written letter mailed to Experian.

26. With respect to the November 20, 2013, Experian received that letter and, on information and belief, sent either a consumer dispute verification form(s) and/or an electronic automated consumer dispute verification form(s) to BOA.

27. Despite receiving Plaintiff's dispute letter referenced in paragraph 25, Experian failed to conduct a reasonable reinvestigation and make corrections to Plaintiff's credit profile, as required under 15 U.S.C. § 1681i.

28. Despite receiving notice of the dispute from Experian with respect to the dispute letterreferenced in paragraph 25, BOA failed to conduct an investigation with respect to the disputed information and make corrections in its reporting of the disputed account to Experian, as required under 15. U.S.C. § 1681s-2(b).

29. The Plaintiff's requests for investigation included sufficient information to provide actual notice that the disputed account was being reported inaccurately.

30. As a result of Experian's failure to comply with the FCRA, Experian has attributed adverse credit information to the Plaintiff that is inaccurate.

31. As a result of BOA's failure to comply with the FCRA, BOA has furnished adverse credit information to the Plaintiff that is inaccurate.

32. The presence of this inaccurate information on Plaintiff's credit report adversely affects her creditworthiness.

33. Experian prepared, issued, assembled, transferred and otherwise reproduced consumer reports, regarding Plaintiff, as defined in the FCRA. 15 U.S.C. 1681a.

34. Experian has supplied false consumer reports to its subscribers and attributed said data to Plaintiff.

35. Experian took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

36. BOA took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful investigation.

37. Experian failed to take necessary and reasonable steps to prevent further inaccuracies from entering plaintiff's credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by Experian and relayed for further use, reliance and publication by their subscribers.

38. Experian failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which they compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.

39. Experian failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their consumer reporting data bank, as required by the FCRA.

40. Defendants have caused Plaintiff to suffer damages, including but not limited to, the failure to achieve a "fresh start" that is normally provided by receiving a bankruptcy discharge, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' failure to comply with the requirements of the FCRA.

41. Defendants are liable unto Plaintiff in a sum to be assessed by the trier of fact for actual damages for negligent violation(s) of the provisions of the FCRA.

42. Defendants are liable unto Plaintiff in a sum to be assessed by the trier of fact for actual damages or statutory damages for willful violation(s) of the provisions of the FCRA.

43. Defendants are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages for willful violation(s) of the provisions of the FCRA.

## VI.  COUNT I
### Violation of the Fair Credit Reporting Act (against Experian)

44. Plaintiff repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23, 25 through 27, 29 through 30, 32 through 35, and 37 through 43.

45. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in the Plaintiff's consumer report.

46. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i in that it failed and/or refused to conduct a reasonable reinvestigation and failed to correct or delete the inaccurate information contained in Plaintiff's credit profile.

47. Experian willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

48. Experian negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a).

49. In response to the request for reinvestigation, Experian improperly refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5).

50. Experian has maintained the inaccurate public record information on Plaintiff's Experian report.

51. Experian has negligently and/or willfully failed to conduct a proper reinvestigation of the public record information in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

52. The Plaintiff suffered damages as a result of these violations of the FCRA.

53. Experian's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to actual damages, statutory damages, punitive damages, and attorneys' fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

## VII.  COUNT II

### Violation of the Fair Credit Reporting Act (against BOA)

54. Plaintiff repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 22, 24 through 26, 28 through 29, 31 through 32, 36, and 40 through 43.

55. BOA's actions constitute a violation of 15 U.S.C. §§ 1681n and 1681o, in that it engaged in willful and negligent acts in violation of 15 U.S.C. § 1681s-2(b) as follows:

    a. Failing to conduct an investigation of the inaccurate information disputed by Plaintiff;

9

b. Failing to review all relevant information concerning Plaintiff's account as provided by Plaintiff;

c. Furnishing inaccurate information to Experian and/or failing to update the information previously furnished with accurate data;

d. Failing to delete incomplete and inaccurate information furnished to Experian after conducting an investigation;

e. Failing to properly participate, investigate and comply with the reinvestigations that were conducted by Experian concerning the inaccurate information disputed by Plaintiff;

f. Failing to correctly report results of an investigation to every other credit agency;

g. Continuing to furnish and disseminate inaccurate and derogatory information concerning Plaintiff to Experian and other entities despite knowing that said information was false or inaccurate; and/or

h. Failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

56. The Plaintiff suffered damages as a result of these violations of the FCRA.

57. BOA's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to actual damages, statutory damages, punitive damages, and attorneys' fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, THERESE FOY, prays that the Court grant the following relief in favor of the Plaintiff and against the Defendants:

1. For Actual Damages pursuant to 15 U.S.C. § 1681o;

2. For Statutory Damages pursuant to 15 U.S.C. § 1681n;

3. For Punitive Damages pursuant to 15 U.S.C. § 1681n;

4. For Attorney's fees and costs incurred in this action pusuant to 15 U.S.C. §§ 1681n and 1681o; and

5. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all Issues.

Dated this 17th day of February, 2014.

*Respectfully submitted,*

DANIEL TAM, P.A.
*Attorneys for Plaintiff*
1000 Fifth St., Ste. 200
Miami Beach, FL 33139
Telephone:    (305) 357-0518
Facsimile:     (877) 684-6189
dantamesq@me.com

By: /s/ Daniel Tam
    DANIEL TAM, ESQ.
    FBN 60610